ADELIA HILL, Respondent, v. WILLIAM WEISLER,
Appellant.

No. 2705; April 17, 1872.,

**Waters—Destruction of Ditch—Loss of Water—Sales.**—In an action against a person for washing away the plaintiff's ditch, causing him a loss of water sales, a variance in describing the ditch is immaterial, if the defendant could not be misled by it, particularly if the ditch was the only one in the vicinity running water at the time and was so identified.

**Action—Injury to Property—Relative Values.**—The right of a person to redress for an injury to property cannot depend upon the value of the property injured as contrasted with the value of another's business enterprise, in the promotion of which the injury came about.

**Waters—Injury to Ditch.**—When the Only Damage Claimed through the defendant's alleged injury of the plaintiff's ditch is the loss of water sales, the cost or value of the ditch as a structure, separate and apart from the water rights, has nothing to do with determining the damages.

**Custom.**—Proof of Custom is not Admissible to oppose or alter a rule of law, or to change the legal rights and liabilities of parties as fixed by law.

**Waters—Injury to Ditch not Justified by Custom.**—A vested right is acquired by the location and construction of a ditch, and to mine it away is recognized by law as an injury; the trespass cannot be justified by custom.

APPEAL from Fourteenth Judicial District, Placer County.

C. A. Tuttle for respondent; Joe Hamilton for appellant.

See Hill v. Weisler, 49 Cal. 146.

NILES, J.—The plaintiff claims to be the owner of a ditch crossing certain mining claims of the defendant. In the course of defendant's mining operations he washed away a portion of the ditch.

The action is for damages, with a prayer for an injunction to prevent future injuries. A jury trial was had, which resulted in a verdict for plaintiff. The defendant moved for a new trial upon several grounds.

1. The complaint alleges as a part of the description of plaintiff's ditch that it was excavated from a certain named point, to a point where a certain shaft had been sunk in the earth, two years before the commencement of the suit. The plaintiff's witnesses testified to a ditch which did not reach the shaft, but ran from ten to forty feet below it. The defendant objected to this proof upon the ground that it described another and different ditch from that described in the complaint.

The variance was immaterial. There was sufficient in the description to identify the ditch, omitting that part which mentions the shaft as one of the termini. It appeared, moreover, that the ditch described by the witnesses was the only one then running water in that vicinity, and was the ditch washed away by the defendant. The defendant could not have been misled by the description.

2. The defendant offered to prove that his mining claims were of great value, and that he had expended large sums in their development—while the ditch of plaintiff had been constructed at small cost and was of little value. This testimony was properly excluded. It could not affect the right of the plaintiff to recover; or the right to redress for an injury to property cannot in any case depend upon the value of the property injured. Nor could it, in this case, affect the question of the amount of damage to which the plaintiff was entitled. The only damage claimed by the complaint was for the loss of water sales. The cost or value of the ditch as a structure, and separate from the water rights belonging to it, could not assist in determining the amount of damages.

3. The defendant offered proof of the custom of miners in that vicinity to mine away lateral and side ditches, without liability for damages, whenever it became necessary to do so in the course of mining; and subsequently asked the court to give an instruction based upon this theory. The court very properly excluded the evidence and refused the instruction. This was not an action "respecting mining claims," and does not come within the rule of the statute admitting proof of the "customs, usages or regulations" of miners. Proof of custom is not admissible to oppose or alter a rule of law, or to change the legal rights and liabilities of parties as fixed by law. A vested right is acquired by the location and construc-

tion of a ditch. It is an injury to mine it away, and so recognized by law. The trespass cannot be justified by custom.

There was no error in the refusal to give the other instructions asked by defendant. The grounds of refusal are very clearly and satisfactorily stated by the district judge.

Judgment and order affirmed.

We concur: Wallace, C. J.; Belcher, J.; Crockett, J.